## Franklin Life Insurance Co. v. Harriet Adams.

1. CORPORATIONS—*Consolidation a Matter of Legislative Control.*—
The method, terms and manner of the consolidation of corporations is a
matter of legislative control so far as the legislature elects to exercise
its power, and where it fails to expressly direct, it becomes the duty of
the courts to construe its legislation in order that the legislative purpose
and intent may be carried out.

2. SAME—*The General Rule in this Country.*—The general rule in
this country is, that the consolidation of two corporations is a dissolution
of both of them, and a new company created, succeeding to the rights
and assuming all the liabilities of the old corporations.

3. SAME—*Effect of a Consolidation.*—When two corporations are
consolidated under the statute and a new company is created, the new
company takes the property and assumes the liabilities of the compa-
nies consolidated in the exact condition in which such property and
liabilities existed at the time of such consolidation (except as to suits
then pending), and such liability can not thereafter be extended by acts
of a member of either of the old companies.

4. INSURANCE COMPANIES—*Effect of Consolidation upon Outstanding
Policies.*—Where two insurance companies consolidate, the policies of
the companies consolidating (on which suits are not then pending) become
in effect the policies of the new company, and are in law to be treated as
such. Suits for losses occurring after the consolidation must be brought
against the new company.

5. PLEADING—*In Suits upon Policies Issued by a Company Before*

*Consolidating.*—A suit upon a policy issued by a company before consolidating, should, if commenced after the consolidation, be brought against the new company, and the plaintiff should allege in his declaration the consolidation of the two companies[b] so as to show its privity with the company whose policy it originally was, thus showing the policy to be in legal effect a policy of the new company.

**Debt**, on a judgment. Appeal from the Circuit Court of St. Clair County; the Hon. WILLIAM HARTZELL, Judge, presiding. Heard in this court at the February term, 1900. Reversed and remanded. Opinion filed September 8, 1900.

ALFRED ORENDORF and KRAMER, CREIGHTON & SHAEFFER, attorneys for appellant.

In all cases when a corporation chartered or organized under the laws of this State consolidates its property, stock or franchise with any other company, such consolidated company is liable for all debts or liabilities of each company included in said consolidated company, existing or accruing prior to such consolidation; and an action may be brought and recovery had therefor against such consolidated company. Sec. 80, Chap. 32, S. & C. Stat. (2d Ed.), Vol. 1, 1036.

When two or more corporations are consolidated into a new corporation with a new name, and no provision is made with reference to the contracts of the constituent corporations in force at the time of the consolidation, the consolidated corporation will be liable and answerable on such contracts and may be sued at law for their breach. Pullman Car Co. v. Mo. Pac. Co., 115 U. S. 587; C. C. & I. Ry. Co. v. Skidmore, 69 Ill. 566; Western Union R. R. Co. v. Smith, 75 Ill. 496; O. & M. R. R. v. The People ex rel. Hanna, 123 Ill. 467; 6 Am. & Eng. Enc. Law (2d Ed.), 818; Arbuckle v. I. M. Ry. Co. et al., 81 Ill. 429.

For a comprehensive review of the decisions of the courts of the United States upon this question, see note in 23 L. R. A. 231. Mt. Pleasant v. Beckwith, 100 U. S. 514.

The consolidated corporation is not only bound on the private contracts of the constituent corporations but must also perform the public duties that devolved upon the con-

stituent corporations at the time of the consolidation. P. & R. I. Ry. Co. v. C. V. M. Co., 68 Ill. 489; 6 Am. & Eng. Enc. Law (2d Ed.), 819.

Where the consolidation is full and complete and works a dissolution of the constituent corporations, neither can maintain an action after the consolidation. The legal sequence would be that if they can not sue, they can not be sued. Penn. College Cases, 13 U. S. 215; Revere v. Copper Co., 15 Pick. 351.

The consolidated corporation is not liable for causes of action accruing against its constituent members after the consolidation. C., S. F. & C. Ry. v. Ashling, 160 Ill. 373.

If a suit is pending against one of the constituent corporations at the time of the consolidation, it will not abate but may be prosecuted to judgment and a recovery had on the judgment against the consolidated corporation, but in such case the action must be in debt. C., S. F. & C. Ry. v. Ashling, 160 Ill. 373; St. L., etc., R. R. v. Miller, Admr., 43 Ill. 200; Greathouse et al. v. Smith, 3 Scam. (Ill.) 541.

Where two corporations are consolidated, thereby forming a new corporation, and after the consolidation is formed a judgment is recovered against one of the constituent corporations on a contract that existed before the consolidation, such contract and cause of action is merged in the judgment, and if the judgment is for the debt expressed in the original contract and the costs expended, there is no implied promise on the part of the consolidated corporation to pay such judgment, and therefore an action in assumpsit will not lie. Boynton v. Ball, 105 Ill. 627; Runnamaker v. Cordray, 54 Ill. 303; Black on Judgments, Sec. 674; C., S. F. & C. Ry. v. Ashling, 160 Ill. 373; Wayman v. Cochrane, 35 Ill. 151, 152; 15 Amer. & Eng. Ency. of Law, 336.

It was the early practice that a suit in assumpsit might be maintained on a judgment of a foreign court for the reason that it was not considered a debt of record, and there was no merger of the contract; but this had no application to domestic judgments and judgments of sister states.

Chitty's Pleadings, Vol. 1, 106, and note, 103; 2 Enc. P. & P., 990, and note 2.

R. W. Ropiequet and H. R. Heimberger, attorneys for appellee.

The general rule that the consolidation works a dissolution of the different corporations is subject to exceptions, and a judgment may be recovered against a constituent corporation after consolidation. C., F. S. & C. Ry. Co. v. Ashling, 160 Ill. 384.

The very purpose of the statute is to preserve to the creditor all his rights unimpaired by what was done, and its operation to furnish him remedies necessarily concurrent in their nature. And the fact that the liability of the constituent corporation had been reduced to judgment against that corporation after consolidation does not relieve the consolidated corporation from its statutory liability or the payment of the debts of the constituent corporation. Matter of the Utica Nat'l Brewing Co., 154 N. Y. 268.

A judgment against a constituent corporation does not so merge the claim as to render it a new liability, but the statute must be construed as preserving the identity of the cause of action in the judgment, and the judgment will be regarded as conclusive evidence of the original liability rather than as a new debt or liability, and nothing more will be needed to fix the liability of the consolidated company than to establish the fact of the consolidation. C., S. F. & C. Ry. Co. v. Ashling, 160 Ill. 384.

Mr. Presiding Justice Bigelow delivered the opinion of the court.

On March 26, 1898, the Franklin Life Association, an insurance corporation created under the laws of this State, issued to John K. Adams a policy of insurance on his life for $2,000, payable at his death to appellee, if living, whereby he became a member of the association.

On the 5th of July, 1898, the Franklin Life Association and the People's Life Insurance Company, another insur-

ance corporation, also created under the laws of this State, were consolidated and became "The Franklin Life Insurance Company," under and by virtue of the laws of this State. The articles of consolidation which were ratified by the constituent corporations, provide:

"That all members of both corporations shall be members of the Franklin Life Insurance Company, with all the rights and conditions granted them under their original policies or contracts."

The articles of consolidation were filed in the office of the Secretary of State, as required by law, on the 6th of July, 1898. These articles designated a full board of directors, the length of time they were to serve, and they also selected a full set of officers for the consolidated company. The articles also provided among other things:

"The functions and duties of the officers and board of directors of the Franklin Life Association and the People's Life Insurance Company, shall, upon the full performance of the said consolidation, cease and determine."

It is further provided in the articles, that all of the stockholders and members of the old corporation shall be members of the new organization.

The power to consolidate the constituent corporations and thus to create the new corporation, was given by sections 50–58 of chapter 32 of Hurd's Revised Statutes of 1897.

No question is raised as to the legality of the consolidation, and appellee, by bringing this action, asserts that the assured became a member of the appellant corporation through and by virtue of the consolidation.

The assured died November 14, 1898, leaving appellee, his widow, surviving him, and on the 31st of March, 1899, she brought suit on the policy against the Franklin Life Association, in the Circuit Court of St. Clair County, and on the 25th of May following, a judgment was rendered in her favor, nominally against the Franklin Life Association, for $2,000 and costs. Appellant was not a party to that suit, and this suit was brought on that judgment. Upon

a trial before the court, appellee recovered a judgment for the total amount of the former judgment, with interest and costs, from which latter judgment this appeal was taken.

The declaration sets out the articles of consolidation in full; the judgment against the Franklin Life Association, and an alleged consequent liability of appellant for its payment. It is not alleged in the declaration that the judgment recovered against the Franklin Life Association was rendered in an action that was pending in court at the time of the consolidation, and the declaration shows it was not.

Several special pleas were filed to the declaration by appellant, to all of which the court sustained demurrers, and appellant stood by its pleas.

In addition to filing the pleas, appellant offered evidence to sustain them, which the court excluded in conformity with the rulings on the demurrers.

Section 56 of chapter 32 of the before named statutes provides :

" Consolidation of one corporation with another, shall not affect suits pending. in which such corporation or corporations shall be parties, nor shall such changes affect causes of action, nor rights of persons in any particular; nor shall suits brought against such corporation by its former name be abated for that cause."

Section 65 of said chapter provides as follows :

" In all cases when any company or corporation chartered or organized under the laws of this State shall consolidate its property, stock or franchises with any other company or companies, such consolidated company shall be liable for all debts and liabilities of each company included in said consolidated company, existing or accrued prior to such consolidation; and actions may be brought and maintained, and recovery had therefor, against such consolidated company."

Section 14, chapter 73, of the same statutes, reads as follows :

" Insurance companies whose charters expire by their own limitation, or become forfeited by non-user, or are dissolved by decree of court or otherwise, shall nevertheless

be continued bodies corporate for the term of two years after such expiration, forfeiture or dissolution, for the purpose of prosecuting and defending suits by or against them, and of enabling them gradually to settle and close their concerns, to dispose of and convey their property and divide their capital stock and assets, but not for the purpose of continuing the business for which they were organized."

The method, terms, and manner of consolidation .of corporations is a matter of legislative control, so far as the legislature elects to exercise its power in regard to the matter, and where the legislature has failed to expressly guide and direct, it becomes the duty of courts to construe its legislation, that the object, purpose and intent of the legislature may be carried out. The general rule in this country is, that the consolidation of two corporations is a dissolution of both of them, and that a new company is created, succeeding to all the rights and assuming all the liabilities of the old corporation. 2 Cook on Stockholders (3d Ed.), Sec. 910; 1 Beach on Private Corporations, Sec. 338. Without affirming or denying the correctness of this broad doctrine, it may be safely said that a dissolution through a consolidation ought to reach no further than logical necessities require. A dissolution that contemplates the total distinction of the corporation is one thing, and a dissolution that contemplates the continued exercise of the powers of such corporation through another legal entity is another thing. The first case is provided for in section 14 of the statutes above quoted; this section in no wise continues the life of a constituent company of a consolidated corporation, because the statute provides that the company shall not continue the business for which it was organized, during the two years given it in which to wind up its affairs and distribute its assets.

To have business of all kinds done within the scope of its former powers is the right of the constituent company in its consolidated life, but it is not a separate legal entity for any purpose, and it exists only by and through the consolidated company.

As already stated, the articles of consolidation provide for a new set of directors and officers; they also provide that the functions and duties of the officers of the old companies shall cease and determine. We are not advised wherein these provisions contravene the law in any particular. They are an express statement of what we think would have been the legal effect of the consolidation, had no provisions been made by the stockholders and members, on the subject. Two bodies corporate can no more occupy the same legal space than can two bodies in the physical world occupy the same space there.

At the time appellee brought her suit against the Franklin Life Association, there was no person acting as the legal representative of that corporation, with authority to bind appellant in any way.

The true ground of decision in the case of Chicago, Santa Fe and California Railway Co. v. Ashling, 160 Ill. 384, on which appellee's counsel confidently rely, is, that suit in that case was brought and was pending at the time of the consolidation of the two railroad companies. The consolidated company took the liability, burdened with the *lis pendens*, as provided by the law before referred to, and all that remained after the liability had passed into judgment was to show the privity of the consolidated company with the judgment. Nor is the case of Matter of Utica National Brewing Co., 154 N. Y. 268, also relied upon, of any value as authority in this case, because the facts in that case are unlike the facts in this case.

At the time of the consolidation appellee's husband was a member of one of the constituent companies; the statute to which that company owed its life permitted this consolidation, and when the articles of consolidation declared that the old directors should cease to represent it, such declaration was made in pursuance of an implied power possessed by the Franklin Life Association, for the statute did not declare that other suits than such as were pending might be prosecuted against the old company after the consolidation. We are of the opinion that when the new company was

formed it took over the property and assumed the liabilities of the two constituent companies in the exact condition in which such property and liabilities stood at the time of the consolidation (except as to suits then pending), and its liability could . not thereafter be extended by any act of a policy holder of either of the old companies; but the policies then' outstanding, issued by the constituent companies or either of them (on which suit was not pending), became in effect the policies of appellant, and were in law to be treated as if issued by appellant, at their date, and on the terms and conditions contained in or governing them.

It is unnecessary to inquire whether appellee's judgment against the Franklin Life Association is valid for any purpose, but it follows from what has already been said that appellant is in nowise bound by it, and in a suit on the policy against appellant it is not precluded from interposing any defense which the constituent company that issued the policy might have interposed had it not become consolidated with another company, thus, as we have seen, creating the appellant company.

A number of errors are assigned on the record as to the rulings of the court in sustaining plaintiff's demurrers to defendant's special pleas; in admitting improper evidence offered by plaintiff; in refusing to admit proper evidence offered by defendant; and in .refusing to hold propositions of law asked to be held by the defendant, and perhaps others; but in the view we take of the case, it will be unnecessary to notice them in detail, as the questions involved will not be likely to arise on another trial, and besides, the entire case as it stands, except the summons and service of it on appellant, seems to be an error, since the plaintiff has proceeded on a wrong theory of the case and the court has adopted the theory in its rulings and holdings.

The suit was rightfully brought against appellant, but the plaintiff should have declared on the policy and set up the consolidation of the two companies that formed the appellant company, which would have shown its privity with

the company whose policy it originally was, thus making the policy in legal effect a policy of appellant.

The judgment is reversed and the cause remanded, with leave to plaintiff to amend her declaration if so advised.